IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2011 DEC 30 PM 12:41
DEPUTY CLERK____NT____

| | | |
|---|---|---|
| ALLYSON VOGEL | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| CHASE BANK USA, NA, | § | JURY TRIAL DEMANDED |
| EQUIFAX INFORMATION | § | |
| SERVICES, LLC. | § | 3-11CV3604-L |

COMPLAINT

## JURISDICTION

1. The jurisdiction of this Court attains pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681(p) ("FCRA") et seq, for which jurisdiction is proper in this Court. Venue lies in the Dallas Division of the Northern District of Texas since Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## PARTIES

2. Plaintiff, Alllyson Vogel, is a natural person who resides in Tarrant County, Texas and is a "consumer" as defined by 15. U.S.C. §1681a(c) of the FCRA.

3. Defendant Chase Bank USA, N.A. (hereinafter referred to as "CHASE" or "Defendant") is a national association incorporated pursuant to the laws of the United States of America with its principal place of business in Newark, Delaware. Said Defendant may be served by and through an Executive Vice President at Chase Bank, N.A., 802 Delaware Ave., Wilmington, DE 19850.

4. Equifax Information Services, LLC. ("Equifax") is a corporation incorporated under the laws of the state of Georgia, authorized to do business in Texas, and may be served with process by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## FACTUAL ALLEGATIONS

6. Plaintiff is an individual consumer as defined by 15. U.S.C. §1681a(c) of the FCRA.

7. Defendant Chase is a furnisher as defined by 15 U.S.C. 1681s-2(a) of the FCRA..

8. Defendant Chase is publishing a different person's personal information as belonging to Plaintiff, causing the two to be connected and the stranger's negative information to be reported on Plaintiff's credit report and the stranger's creditors attempting to collect the stranger's debts and legal actions being taken by the stranger's creditors against Plaintiff.

9. Plaintiff has disputed the erroneous reporting, in writing, on numerous occasions, with each credit reporting agency and directly with Chase.

10. Although Chase claimed to have reversed the error, the stranger's personal information and negative credit information continues to be associated with and reported on Plaintiff's credit report.

11. Despite the many written disputes, the inaccurate debts and personal information continued and continues to be reported on Plaintiff's credit/consumer report.

12. All Defendants refused to request deletion of the erroneous information from Plaintiff's credit/consumer report.

13. Defendant(s) are reporting Jeremy Davis's debts as Plaintiff's debts and Jeremy Davis's personal information as Plaintiff's information and failing to include Plaintiff's correct information on Plaintiff's credit/consumer report.

14. Defendant Equifax is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. §1681a(f). Equifax assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. It uses means of interstate commerce for the purpose of furnishing consumer reports.

## FACTUAL BACKGROUND

15. Plaintiff maintained a personal checking account with Chase, opened prior to her marriage. Plaintiff's maiden name is Davis.

16. On or about August, 2009, Plaintiff visited a Chase branch to order additional checks. The teller at Chase informed her that a Jeremy Davis's personal information was showing associated with her account and gave her a telephone number to call to dispute any inaccuracies.

17. Plaintiff called Chase and disputed the erroneous information.

18. Chase represented the error to have been corrected and that a letter had been sent to Plaintiff, although no letter was received in 2009.

19. On or about March 4, 2010, Chase sent a letter claiming to have resolved the matter, acknowledging their mistake.

20. Plaintiff and her husband were attempting to purchase a house. In a meeting with their mortgage broker, on December 30, 2009, Plaintiff learned that a Jeremy Davis's personal and credit information was being reported on Plaintiff's credit report. Jeremy Davis's credit information was extremely negative.

21. On or about January 8, 2010, Plaintiff sent a fax to Equifax requesting Jeremy Davis's information be separated from her credit file.

22. On or about February 1, 2010, Plaintiff sent a fax to Equifax requesting Jeremy Davis's information be separated from her credit file.

23. On or about February 8, 2010, Plaintiff received a copy of her consumer report from Equifax. The report showed Jeremy Davis's personal information and numerous negative accounts.

24. As directed by Equifax, on or about February 9, 2010, Plaintiff faxed a letter to CSC Credit Services, an agent of Equifax, requesting that her phone number, current and previous addresses, correct social security number and birthdate be added to her file. Plaintiff included a copy

of her social security card with the request.

25. On or about February 9, 2010, as directed by Equifax, Plaintiff also faxed a letter to the Mixed Files Department making the same requests set forth in #19.

26. On or about February 22, 2010, Plaintiff filed an online dispute with CSC Credit Services disputing approximately 23 negative accounts.

27. Plaintiff received a credit report from CSC on or about February 24, 2010 which still showed Jeremy Davis's personal information and several negative accounts.

28. Plaintiff received separate credit reports, dated March 5, 2010 and March 9, 2010 which still included much of Jeremy Davis's personal information and many negative accounts.

29. On or about March 26, 2010, Plaintiff made a written dispute with Equifax for all the erroneous information on the March credit reports; in particular, Plaintiff pointed out the incorrect date of birth and requested deletion of all the negative accounts.

30. On or about April 6, 2010, Plaintiff called CSC Credit Services and spoke with a Yolanda inquiring about the wrongly reported ACCTCORPNV account, wrong date of birth and confirmed that the report did not associate Jeremy Davis nor any Nevada address with her account.

31. Plaintiff received a credit report dated May 5, 2010 which still showed some of Jeremy Davis's personal information, wrong date of birth, and at least one negative account.

32. On or about May 25, 2010, Plaintiff called CSC Credit Services to dispute the incorrect information showing on the May 5, 2010 credit report.

33. On or about September 15, 2011, Plaintiff reviewed her credit report and noted that Jeremy Davis's personal information was still being reported, and a collection account which had previously been deleted was being reported again.

34. At no time during her various communications with Equifax/CSC Credit Reporting Services did Equifax/CSC Credit Reporting Services ever contest the fact that the disputed information was being improperly attributed to Plaintiff.

35. Equifax was well aware that the Plaintiff and Jeremy Davis were two different persons who have no connection to each other whatsoever and do not even know each other.

### FIRST CLAIM FOR RELIEF AGAINST CHASE

36. Plaintiff re-alleges and incorporates paragraphs 1 through 32 above as if fully set out herein.

37. Chase violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) by publishing the account representation within Plaintiff's credit file with one or more credit reporting agencies, by associating Jeremy Davis's personal information and account information with Plaintiff's information, by failing to fully and properly investigate the Plaintiff's dispute of the Jeremy Davis information; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to each credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the continued reporting of the Jeremy Davis's personal information and negative accounts to the consumer reporting agencies.

38. As a result of this conduct, action and inaction of Chase, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment.

39. Chase's conduct, action and inaction was willful, rendering it liable for actual or statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n. In the alternative, it was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C.§1681o.

40. The Plaintiff is entitled to recover costs and attorney fees from Chase in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n and §1681o.

### SECOND CLAIM FOR RELIEF AGAINST CHASE

41. Chase owed duties of reasonable care to Plaintiff.

42. Defendant failed to exercise reasonable care and prudence in the matching of

consumer credit data, maintaining accounts, managing accounts, keeping customer's data separate from non-related accounts, reporting of data to consumer reporting agencies, the handling and reinvestigation of disputes about accounts, protecting and maintaining the privacy of customer information, all made the subject of this lawsuit and which consequently caused damages to Plaintiff.

### FIRST CLAIM FOR RELIEF AGAINST EQUIFAX

43. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C.§1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C.§1681(d) to third parties.

44. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation. Upon information and belief, Equifax contracts with CSC Credit Services to perform services on its behalf.

45. Whenever in this complaint it is alleged that a Defendant did or were told any act or thing, it is meant that Defendant's officers, agents, servants, employees, or representatives may have done or been told such act or thing and that, at the time such act or thing was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of the Defendant's officers, agents, servants, employees, or representatives. Further, suit against the Defendants is intended to include any partnership, unincorporated association, private corporation or entity doing business under an assumed name for the purpose of enforcing against it any substantive right of the Plaintiff.

46. The Plaintiff re-alleges and incorporates paragraphs 1 through 39 above as if fully set out herein.

47. Equifax issued, assembled, transferred and published "consumer reports" regarding Plaintiff, as defined in the Fair Credit Reporting Act.

48. Equifax has continually added, stored, maintained an disseminated personal and credit

data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiff's consumer report(s) and disseminated.

49. Equifax failed to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by Plaintiff and/or subscribers that such information was erroneous.

50. Equifax, through its actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

51. Equifax has continually mis-merged credit data attributable to other persons with the consumer report(s) of Plaintiff.

52. Equifax has failed to utilize a search algorithm which is capable of distinguishing between persons with different personal identifiers.

53. Equifax has continually posted false and harmful information to Plaintiff's consumer reports without requiring a reasonable number of points of correspondence.

54. Equifax assured Plaintiff that corrections would be and were made to Plaintiff's consumer report(s). Nonetheless, such corrections were not made and/or were made in such a way that Equifax knew such actions would not correct Plaintiff's complaints.

55. Equifax failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not post to Plaintiff's consumer report and would be suppressed from appearing on Plaintiff's consumer reports.

56. Equifax created, maintains and utilizes a credit reporting system which is defective and does not comply with the Fair Credit Reporting Act or other laws governing Equifax's actions.

57. Upon information and belief, Equifax utilizes a search algorith, referred to as "Snowball" which is defective and causes false data to be collected and shown as attributable to the target of the inquiry.

58. Equifax has improperly posted accounts and other data to Plaintiff's credit file(s).

59. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C.§1681o.

## SECOND CLAIM FOR RELIEF AGAINST EQUIFAX

60. Plaintiff re-alleges and incorporates paragraphs 1 through 59 above as if fully set out herein.

61. Equifax violated 15 U.S.C.§1681i(a) on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Chase; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

62. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

63. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. 1681o.

## THIRD CLAIM OF RELIEF AGAINST EQUIFAX

64. Plaintiff re-alleges and incorporates paragraphs 1 through 63 above as if fully set out hereon.

65. Equifax failed to maintain reasonable procedures designed to prevent the reappearance of previously deleted information in a consumer's credit file.

66. Equifax violated 15 U.S.C.§1681i(a)(5)(B) by reinserting information which had been

previously deleted from Plaintiff's credit file. When Equifax reinserted the erroneious representations in Plaintiff's credit file, it failed to notify Plaintiff of the reinsertion within five days of the reinsertion, did not inform Plaintiff of the business name and address of the furnisher of such information or inform Plaintiff if her right to add a statement to her file disputing the accuracy or completeness of the disputed information.

67. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

68. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C.§1681o.

69. The Plaintiff is entitled to recover actual or statutory damages, costs and attorney's fees from Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### THIRD CLAIM FOR RELIEF AGAINST EQUIFAX

70. The facts described herein also constitute violations by Equifax of Texas Business & Commerce Code §20.06 by failing to verify the inaccurate information being reported on Plaintiff's credit report and failing to remove the inaccurate information after being notified on several occasions by Plaintiff of the inaccuracies.

71. Plaintiff sues for the remedies provided by §20.08 & 20.09 Texas Business & Commerce Code.

72. Per §20.12, the actions taken by Equifax are false, misleading and deceptive acts or practices as defined by the Deceptive Trade Practices and Consumer Protection Act.

### REQUEST FOR TRIAL BY JURY

73. Plaintiff requests a trial by jury.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

74. Plaintiff respectfully requests the Court to instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendant under the provisions of the Fair Credit Reporting Act and state law.

## REQUEST FOR COSTS OF LITIGATION AND ATTORNEY FEES

75. Plaintiff requests the Court award Plaintiff her litigation expenses and other costs of litigation and reasonable attorney fees incurred in this litigation, in accordance with the provisions of the Fair Credit Reporting Act and/or other laws.

WHEREFORE, your Plaintiff demands judgment for compensatory and punitive damages against each Defendant; for her attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

Respectfully submitted,

*/s/ Sharon Campbell*
Sharon K. Campbell
State Bar # 03717600
3100 Monticello Ave., Suite 500
Dallas, Texas 75205
Telephone: 214/351-3260
Fax: 214/378-6670
Sharon@SharonKCampbell.com

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Allyson Vogel

### DEFENDANTS
Chase Bank USA, NA
Equifax Information Services, LLC.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED BY DEC 30 2011 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

(c) Attorney's (Firm Name, Address, and Telephone Number)
Sharon K. Campbell
3100 Monticello Ave., Suite 500, Dallas, Texas 75205
214-351-3260

Attorneys (If Known)

**3-11CV3604-L**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1681 et seq, the Fair Credit Reporting Act

Brief description of cause:
Defendants mixed another person's credit and personal information with Plaintiff's on credit report and records

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED: (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 12-30-11
SIGNATURE OF ATTORNEY OF RECORD
Sharon Campbell

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____